UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-173 PA (RAOx) | Date | April 7, 2026 |
|---|---|---|---|
| Title | Tamara Grigoryan v. Capital One Financial Corporation | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **IN CHAMBERS - COURT ORDER**

Plaintiff Tamara Grigoryan ("Plaintiff") initiated this action in the small claims court division of Los Angeles County Superior Court on December 4, 2025, and defendant Capital One Financial Corporation ("Defendant') removed the action to this Court on January 7, 2026. (Docket No. 1.)  The Complaint alleges that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq, by providing inaccurate, negative credit information to credit reporting agencies, and by failing to correct that information.  On March 2, 2026, the Court issued an Order granting Defendant's Motion to Dismiss Plaintiff's claims, concluding that Plaintiff failed to state a claim under either the FCRA or the FDCPA.  (Docket No. 15.)

Plaintiff was ordered to file a First Amended Complaint by no later than March 27, 2026. The Court warned Plaintiff that failure to file a First Amended Complaint by that date would be deemed an election to stand on the merits of the Complaint, "and will result in the dismissal of Plaintiff's claims without leave to amend."  (Id. at p. 4.)  To date, however, Plaintiff has not filed a First Amended Complaint or any other response to the Court's order.  It appears that Plaintiff has elected not to amend her pleading but rather to stand on the sufficiency of her Complaint. Accordingly, for the reasons stated in the Court's March 2, 2026 Order, the Court concludes that Plaintiff's claims are subject to dismissal.  The Court therefore dismisses Plaintiff's claims without leave to amend.  See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-65 (9th Cir. 2004); WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); FlorExpo LLC v. Travelers Property Casualty Company of America, No CV20-1024 JLS (DEB), 2021 WL 3093698, at *2 (S.D. Cal. July 22, 2021) (having failed to amend their pleading within the Court's deadline, the proper result in this case is that Plaintiffs are no longer free to amend their pleading); Daniel v. City of Glendale, No. CV14–3864 VAP (AJW), 2015 WL 5448803, at *6 (C.D. Cal. May 7, 2015) ("Since plaintiff elected not to file a timely amended complaint without adding new parties or new claims, he has exhibited an intent not to amend the claims that were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-173 PA (RAOx) | | Date | April 7, 2026 |
|---|---|---|---|---|
| Title | Tamara Grigoryan v. Capital One Financial Corporation | | | |

dismissed with leave to amend.  Accordingly . . . the appropriate course is to dismiss those claims under Rule 12(b)(6).").  The Court will issue a Judgment consistent with this Order.

IT IS SO ORDERED.